**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANJAY BHARDWAJ, | No. 13-17498 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-03807-SI |
| v. | |
| ANUPAMA PATHAK; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Submitted August 31, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Sanjay Bhardwaj appeals pro se from the district court's dismissal of his

Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.

§§ 1961-1968, 42 U.S.C. § 1983, and state law claims against his ex-wife and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

numerous others who were involved in the state court-ordered sale of the family home and division of marital assets during his and his ex-wife's dissolution proceedings. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

**1.**     We review de novo dismissals under Federal Rule of Civil Procedure 12(b)(1) and (6). *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007).

Bhardwaj's claims against his ex-wife, her attorneys, the state court, the state court judge and commissioner, the court-appointed real estate agent, the sheriff who evicted Bhardwaj, the buyers of the home, and the escrow holder are almost entirely based on, or "inextricably intertwined" with, the state court's alleged legal errors and lack of jurisdiction to order the sale. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). There was no error in dismissing those claims because adjudicating those claims would have required the district court to review the state court's decision for legal error, and as such, the claims are barred by the *Rooker-Feldman* doctrine. *Skinner v. Switzer*, 562 U.S. 521, 531-32 (2011); *Cooper v. Ramos*, 704 F.3d 772, 777-78, 782-83 (9th Cir. 2012).

There was also no error in dismissing the claims against the Alameda County Superior Court, as they are barred by the Eleventh Amendment. *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

There was also no error in dismissing Bhardwaj's claims that the state court judge presiding over the dissolution proceedings and Bhardwaj's ex-wife's attorney conspired with court reporters to tamper with state court hearing transcripts. Bhardwaj failed to state a claim under RICO because he did not adequately allege obstruction of justice or any other "racketeering activity" within the meaning of RICO. *See* 18 U.S.C. § 1961(1) (exhaustive list of crimes that may constitute racketeering activity); *see also O'Malley v. N.Y.C. Transit Auth.*, 896 F.2d 704, 708 (2d Cir. 1990) (obstruction of justice under 18 U.S.C. § 1503 limited to interference with federal court proceedings). His remaining claims fail because his allegations are highly implausible, vague, and conclusory as to the existence of a conspiracy. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."); *Simmons*, 318 F.3d at 1161 (conclusory allegations of a private attorney's conspiracy with state officers are insufficient to state a § 1983 claim against the attorney).

**2.** The district court did not abuse its discretion in dismissing the complaint without leave to amend because amendment would have been futile. Bhardwaj's proposed amendments would not have cured the deficiencies. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a

3

plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

**3.**     The district court did not abuse its discretion in taking judicial notice of state court documents, as the district court relied on them only to describe the procedural history of the case. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001).

**AFFIRMED.**